UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br>       *Plaintiff*, <br><br> v. <br><br> RAMAS CAPITAL MANAGEMENT, LLC and GANESH H. BETANABHATLA, <br><br>       *Defendants*. | CASE NO. 4:22-cv-2979 |

## DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants Ramas Capital Management, LLC and Ganesh H. Betanabhatla ("Defendants"), submit their Answer and Defenses to the Complaint brought by Plaintiff.

## RESPONSES TO PLAINTIFF'S ALLEGATIONS [1]

1. Denied.

2. Denied.

---

[1] Each numbered paragraph of Defendants' Responses to Plaintiff's Allegations refers to the corresponding numbered paragraph of Plaintiff's Complaint, any footnotes include in the same paragraph of the Complaint, and any section or subsection titles immediately preceding each paragraph (only to the extent that such titles merit any response in Defendants' Answer).

3.      Defendants admit that the referenced fund did not make any equity investments in the Portfolio Company and deny the remaining allegations.

4.      Defendants deny the first sentence of this paragraph and need not respond to the remaining statements, but to the extent an answer is required, Defendants deny any remaining allegations.

5.      Defendants are not required to answer the legal arguments asserted in this paragraph.  To the extent an answer is required, Defendants deny any allegations asserted in the same.

6.      Defendants are not required to answer the legal arguments asserted in this paragraph.  To the extent an answer is required, Defendants deny any allegations asserted in the same.

7.      Defendants are not required to answer the legal arguments asserted in this paragraph.  To the extent an answer is required, Defendants deny any allegations asserted in the same.

8.      Defendants do not object to venue in this district but deny any allegations or characterizations asserted in this paragraph,

9.      Defendants admit that at the relevant times, RCM had its principal place of business in Houston, Texas.

10.      Defendants admit that at the relevant times, Mr. Betanabhatla was a resident of Houston, Texas.

11.     Defendants admit that RCM was started in approximately 2016, that its principal decision-maker, chief investment officer, and managing partner is Mr. Betanabhatla, and that it operated in certain periods out of his personal residence, and Defendants deny the remaining allegations of this paragraph.

12.     Defendants admit that RCM filed as an exempt reporting adviser beginning in approximately 2017 and no longer reported this status in approximately October 2020 and deny the remaining allegations of this paragraph.

13.     Defendants admit that RCM managed Fund I, Fund II, Fund III, and Fund IV and deny the remaining allegations of this paragraph.

14.     Denied.

15.     Defendants admit that Mr. Betanabhatla and RCM managed Fund I, Fund III, and Fund IV and were entitled to compensation in the form of fees based on assets under management and deny the remaining allegations of this paragraph.

16.     Defendants admit that Mr. Betanabhatla provided services to RCM's clients and was entitled to compensation for those services and deny the remaining allegations of this paragraph.

17.     Defendants admit that Fund IV was formed on or about August 9, 2019, and that RCM was the investment manager for Fund IV and was entitled to fees for the services it performed and deny the remaining allegations of this paragraph.

1309474.3

18.     Defendants admit that the Portfolio Company is a privately held oil and gas exploration and production company based in Houston and deny the remaining allegations of this paragraph.

19.     Defendants deny the allegations of this paragraph as phrased and refer to the relevant documents, which speak for themselves.

20.     Denied.

21.     Defendants admit that Defendants solicited potential investors and shared certain documents, including a summary of principal terms, an investment committee presentation, subscription documents, and an LPA, and deny the remaining allegations of this paragraph.

22.     This paragraph contains legal argument to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

23.     Defendants admit that on or about December 3, 2019, Investor 1 executed a subscription agreement and that on or around December 31, he wired that amount of money, and deny the remaining allegations of this paragraph.

24.     Defendants deny the allegations of this paragraph and any corresponding subheading titles.

25.     Defendants deny the characterization of the corresponding sub-heading and deny the suggestion that the selected excerpts are a complete representation of

4

the materials sent to Investor 1.  Defendants otherwise admit that on or about October 17, 2019, Mr. Betanabhatla emailed Investor 1, and the contents of the email, including any attachments, which are part of the email, speak for themselves.

26.    Defendants admit that Mr. Betanabhatla and Investor 1 had a telephone call on approximately November 18, 2019, concerning the investment and deny the remaining allegations of this paragraph.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Defendants deny the allegations of this paragraph and any corresponding subheading titles.

31.    Defendants admit that Mr. Betanabhatla emailed the investor presentation on approximately October 17, 2019; that Mr. Betanabhatla had a phone call with the investor on approximately November 18, 2019; and that a November 22, 2019, email included attachments consisting of the summary of principal terms, the subscription agreement, and the LPA.  Defendants deny any remaining allegations that may be referenced or incorporated by this paragraph.

32.    Defendants deny that the selected excerpt is a complete representation of the relevant portion of the referenced document, and Defendants refer to the entirety of the summary of principal terms.

33.     Defendants deny that the characterizations of the document presented in this paragraph, and the document speaks for itself.

34.     Defendants deny that the selected excerpt is a complete representation of the relevant portions of the LPA, and the document speaks for itself.

35.     Defendants deny that the selected excerpt is a complete representation of the relevant portions of the referenced email, and the contents of the email, including its attachments, which are part of the email, speak for themselves.

36.     Defendants admit that the phone conversation took place but deny this paragraph's characterizations of the conversation.

37.     Denied.

38.     Defendants admit that $700,000 was sent to Pearl Mountain and deny the remaining allegations of this paragraph.

39.     Defendants admit that approximately $279,000 was used for legal expenses and $21,000 was sent to Pearl Mountain, and Defendants deny the remaining allegations of this paragraph.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Defendants deny the allegations of this paragraph and any corresponding subheading titles.

44.     Defendants deny the characterization in this paragraph but refer to the summary of principal terms and the LPA, which speak for themselves.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Defendants deny the allegations of this paragraph and any corresponding subheading titles.

49.     Defendants admit that a total of approximately $721,000 was sent to Pearl Mountain and deny the remaining allegations of this paragraph.

50.     Denied.

51.     Defendants admit that Fund III raised $32 million and invested $27 million in Pearl Mountain and deny the remaining allegations of this paragraph.

52.     Defendants admit that certain funds were sent to Pearl Mountain and deny the remaining allegations of this paragraph.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Defendants are not required to answer this paragraph.  To the extent an answer is required, Defendants deny any allegations asserted in the same, along with any preceding subheading titles.

1309474.3

57.     Defendants are not required to answer the legal arguments asserted in this paragraph.  To the extent an answer is required, Defendants deny any allegations asserted in the same.

58.     Defendants are not required to answer the legal arguments asserted in this paragraph.  To the extent an answer is required, Defendants deny any allegations asserted in the same.

59.     Defendants are not required to answer the legal arguments asserted in this paragraph.  To the extent an answer is required, Defendants deny any allegations asserted in the same.

60.     Defendants are not required to answer this paragraph.  To the extent an answer is required, Defendants deny any allegations asserted in the same, along with any preceding subheading titles.

61.     Defendants are not required to answer the legal arguments asserted in this paragraph.  To the extent an answer is required, Defendants deny any allegations asserted in the same.

62.     Defendants are not required to answer the legal arguments asserted in this paragraph.  To the extent an answer is required, Defendants deny any allegations asserted in the same.

1309474.3

63.     Defendants are not required to answer the legal arguments asserted in this paragraph.  To the extent an answer is required, Defendants deny any allegations asserted in the same.

64.     Defendants are not required to answer this paragraph.  To the extent an answer is required, Defendants deny any allegations asserted in the same, along with any preceding subheading titles.

65.     Defendants are not required to answer the legal arguments asserted in this paragraph.  To the extent an answer is required, Defendants deny any allegations asserted in the same.

66.     Defendants are not required to answer the legal arguments asserted in this paragraph.  To the extent an answer is required, Defendants deny any allegations asserted in the same.

67.     Defendants are not required to answer the legal arguments asserted in this paragraph.  To the extent an answer is required, Defendants deny any allegations asserted in the same.

68.     Defendants are not required to answer this paragraph.  To the extent an answer is required, Defendants deny any allegations asserted in the same, along with any preceding subheading titles.

1309474.3

69.     Defendants are not required to answer the legal arguments asserted in this paragraph.  To the extent an answer is required, Defendants deny any allegations asserted in the same.

70.     Defendants are not required to answer the legal arguments asserted in this paragraph.  To the extent an answer is required, Defendants deny any allegations asserted in the same.

71.     Defendants are not required to answer the legal arguments asserted in this paragraph.  To the extent an answer is required, Defendants deny any allegations asserted in the same.

72.     Defendants are not required to answer the legal arguments asserted in this paragraph.  To the extent an answer is required, Defendants deny any allegations asserted in the same.

73.     Defendants are not required to Plaintiff's Jury Trial Demand.  To the extent an answer is required, Defendants admit that Plaintiff seeks trial by jury and assert their rights to the same.

74.     Defendants are not required to answer Plaintiff's Prayer for Relief.  To the extent an answer is required, Defendants deny that Plaintiff is entitled to any relief.

1309474.3

## DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses as separate and distinct defenses to the Complaint.  Without assuming any burden of proof for such defenses that they would not otherwise have as a matter of law, Defendants assert the following:

75.     Plaintiff has failed, in whole or in part, to state a claim upon which relief can be granted.

76.     Defendants' complained-of statements were immaterial and could not have been fraudulent.

77.     Defendants were authorized by the relevant transaction documents to use Investor 1's investment as they did.

78.     This action brought by the Securities and Exchange Commission is not properly authorized under the U.S. Constitution.

79.     The filing of this action by the Securities and Exchange Commission violates the Constitutional separation of powers principles.

80.     This action brought by the Securities and Exchange Commission is void.

81.     The SEC's formal order of investigation is constitutionally defective, such that the resulting action is void.

82.     Because the SEC enjoys for-cause protections from removal by the President of the United States, it cannot prosecute this case.

83.     The SEC Staff investigating and prosecuting this case performed officer functions without proper appointments.

84.     Because the SEC staff enjoy for-cause protections from removal by the President of the United States, they cannot prosecute this case.

85.     The SEC does not have authorization or power to seek (and the Court has no power to impose) disgorgement and/or prejudgment interests in this case.

86.     At all relevant times, any information alleged to have been false or misleading was not false or misleading, or, alternatively, was not material.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request judgment of the Court against Plaintiff:  that Plaintiff take nothing by this suit; that Plaintiff be granted no requested relief; and for all such other and further relief as the Court may deem just and proper.

1309474.3

Respectfully submitted,

**LIPMAN LAW PLLC**

_____*/s/ Alex Lipman*_____

(admitted *pro hac vice*)
147 West 25th Street, 12th Floor
New York, New York 10001

**SMYSER KAPLAN & VESELKA, L.L.P.**

Hector R. Chavez
David Isaak
717 Texas Avenue, Suite 2800
Houston, Texas 77002

**ATTORNEYS FOR DEFENDANTS
RAMAS CAPITAL
MANAGEMENT, LLC AND GANESH
H. BETANABHATLA**

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2023, copies of this document are being served all counsel of record via the Court's ECF/CM system.

_____*Hector R. Chavez*_____

Hector R. Chavez